UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 20-CV-62166-SINGHAL/VALLE

828 MANAGEMENT, LLC d/b/a THE HUB;
2ND STREET ENTERPRISES, INC. d/b/a
CAPONE'S; THREE LEGGED DOG, LLC
d/b/a LUCKY'S TAVERN; 111 SW 2ND AVE,
LLC d/b/a SWAY NIGHTCLUB; MAGIOS,
INC. d/b/a EBAR CLUB 13; EIM
ENTERPRISES, INC. d/b/a #00 SHATO; JOHR
GROUP, INC. d/b/a EURO NIGHT CLUB;
GRAND CAFÉ, INC.; D'LUX RESTAURANT
AND BAR, LLC d/b/a HOLLYWOOD LIVE;
and TROY CABRERA,

       Plaintiffs,

v.

BROWARD COUNTY, a political subdivision
of the State of Florida,

       Defendant.

_____

**DEFENDANT'S NOTICE OF FILING SUPPLEMENTAL AUTHORITY**

       Defendant Broward County, through its undersigned counsel, hereby files this Notice of Supplemental Authority.  Contrary to the statement made by the undersigned at the November 19, 2020 hearing on Plaintiffs' Motion for preliminary injunction, federal courts are "are 'bound' to follow an intermediate state appellate court 'unless there is persuasive evidence that the highest state court would rule otherwise.'" *Bravo v. United States*, 577 F.3d 1324, 1326 (11th Cir. 2009).

       Additionally, after the Plaintiffs' Motion for Preliminary Injunction was fully briefed, the Third District Court of Appeal decided *Miami-Dade County v. Miami Gardens Square One, Inc.*, 3D20-1512, 2020 WL 6472542, at *1 (Fla. 3d DCA Nov. 4, 2020), which addresses the claims raised by Plaintiffs.  The Plaintiffs in *Miami Gardens Square One* challenged portions of Miami-Dade County's emergency orders issued in response to COVID-19 on the grounds that the

1

regulations were preempted by the Governor's Executive Order 20-244. The Third District determined that the Governor's Executive Order 20-244 does not preempt Miami-Dade County's restrictions because the Governor's Executive Order only preempts local government regulations that (a) prevent a business from operating or (b) close a business entirely. Notably, the restrictions in Miami-Dade County's order are significantly broader than those in Broward County EO 20-28 as they include an actual general curfew from midnight to 6 a.m. and a requirement that restaurants and food service establishments close, except for take-out and delivery, during the hours of the curfew. As such, the Third District's *Miami Gardens Square*, is controlling and binding on this Court on the matter of preemption.

A copy of the case is attached.

Dated: November 19, 2020

Respectfully submitted,

Andrew J. Meyers
Broward County Attorney
115 S. Andrews Avenue, Suite 423
Fort Lauderdale, FL 33301
Telephone: (954) 357-7600
Facsimile: (954) 357-7641

By: */s/ Annika Ashton*
Annika Ashton
Deputy County Attorney
Florida Bar No. 53970
aashton@broward.org
Kristen McIntosh
Assistant County Attorney
Florida Bar No. 1003315
kmmcintosh@broward.org
Adam Katzman
Assistant County Attorney
Florida Bar No. 652431
akatzman@broward.org

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed on November 19, 2020, that service was performed via an email generated by CM/ECF to all counsel of record listed in the below Service List.

By: *s/ Annika E. Ashton*
Annika E. Ashton, Florida Bar No. 53970

## SERVICE LIST

Bradford M. Cohen
Michael J. McMullen
Cohen & McMullen, P.A.
1132 SE 3rd Avenue
Fort Lauderdale, FL 33316
Telephone: (954) 523-7774
Facsimile: (954) 523-2656
bmc@floridajusticefirm.com
michael@floridajusticefirm.com
service@floridajusticefirm.com
service.bclaw@gmail.com
lawronin@aol.com
*Counsel for the Plaintiffs*

Jonathan Noah Schwartz
Jonathan Schwartz Law PLLC
10200 NW 25th Street, Suite 111
Doral, FL 33172
Telephone: (786) 535-1530
Facsimile: (786) 338-7435
jschwartz@jonschwartzlaw.com
jnsesquire@gmail.com
*Counsel for the Plaintiffs*