**UNITED STATES DISTRICT COURT FOR THE**
**SOUTHERN DISTRICT OF FLORIDA**
CASE NO. 20-CV-62166-SINGHAL/VALLE

828 MANAGEMENT, LLC d/b/a THE HUB;
2ND STREET ENTERPRISES, INC. d/b/a
CAPONE'S; THREE LEGGED DOG, LLC
d/b/a LUCKY'S TAVERN; 111 SW 2ND AVE,
LLC d/b/a SWAY NIGHTCLUB; MAGIOS,
INC. d/b/a EBAR CLUB 13; EIM
ENTERPRISES, INC. d/b/a #00 SHATO; JOHR
GROUP, INC. d/b/a EURO NIGHT CLUB;
GRAND CAFÉ, INC.; D'LUX RESTAURANT
AND BAR, LLC d/b/a HOLLYWOOD LIVE;
and TROY CABRERA,

      Plaintiffs,

v.

BROWARD COUNTY, a political subdivision
of the State of Florida,

      Defendant.

_____

**BROWARD COUNTY'S REPLY IN SUPPORT OF ITS**
**MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

Broward County ("County") hereby files its Reply in support of its Motion to Dismiss

Plaintiffs' Complaint [D.E. 11].  On December 11, 2020, the County issued Emergency Order 20-

29 ("EO 20-29"), which supersedes all prior County Emergency Orders, including Emergency

Order 20-28 ("EO 20-28").[1]  Emergency Order 20-29 adopts the Broward County Comprehensive

Emergency Order ("CEO"), which includes, in Chapter 12, the challenged provisions of

EO 20-28 in substantially the same form.  *See* CEO, p. 22, available at:

https://www.broward.org/CoronaVirus/Documents/2020-12-11%20Covid%20Code-

_____

[1] Emergency Order 20-29 is available at:
 https://www.broward.org/CoronaVirus/Documents/Emergency%20Order%2020-29.pdf

Final%20Final.pdf.  As the CEO continues to prohibit the sale or service of food and alcohol for on-premises consumption between midnight and 5 a.m., the County here addresses the substance of Plaintiffs' claims based on EO 20-28.

### I.    Plaintiffs' Response Seeks to Go Beyond Their Complaint and Improperly Raises New Claims.

With only limited exceptions, a court's analysis of a motion to dismiss is "limited primarily to the face of the complaint and attachments thereto."  *Starship Enterprises of Atlanta, Inc. v. Coweta County, Ga.*, 708 F.3d 1243, 1252 n.13 (11th Cir. 2013).  Courts recognize "an exception, however, in cases in which a plaintiff refers to a document in its complaint, the document is central to its claim, its contents are not in dispute, and the defendant attaches the document to its motion to dismiss."  *Financial Sec. Assur., Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1284 (11th Cir. 2007). Plaintiffs, however, go well past these limited exceptions and seek to have the court consider additional evidence in attempts to bolster their insufficiently pled Complaint.  *See*, *e.g.*, Plaintiffs' Response [D. E. 44, at p. 12 (References to testimony of medical expert Stanley Marks"); p. 13 (allegations regarding nighttime food industry); p. 17 (allegations regarding intrusion into the private life of individuals)].

Plaintiffs also seek to raise an entirely new claim for violation of the Fifth Amendment and the Privileges or Immunities Clause of the Fourteenth Amendment. *See* Plaintiffs' Response, [D.E. 44 at p. 14].  But Plaintiffs made no Fifth Amendment or Fourteenth Amendment Privileges and Immunities claim in their Complaint.  Plaintiffs cannot amend a complaint through a brief and cannot cure a complaint's shortcomings by averments made in a response to motion to dismiss. *See Gilmour v. Gates, McDonald & Co.*, 382 F. 3d 1312, 1315 (11th Cir. 2004); *Atkins v. McInteer*, 470 F.3d 1350, 1361-62 (11th Cir. 2006) (a plaintiff cannot amend a complaint through a brief). And, at this stage, Plaintiffs must seek leave of court or the County's consent to amend their

Complaint.  *See* Fed. R. Civ. P.  15(a).  Accordingly, any reference to facts or allegations outside of the Complaint and Plaintiffs' newly raised claims should be disregarded as procedurally improper.[2]

## II.     Counts I-IV: The Third District's Ruling in *Miami-Gardens Square One v. Miami-Dade County* Requires Dismissal of Plaintiffs' Preemption Claims.

Plaintiffs' Response restates their allegations in the Complaint but fails to provide any legal or factual grounds to assert that this Court is not bound by the decision in *Miami-Dade County v. Miami Gardens Square One, Inc.*, 3D20-1512, 2020 WL 6472542, at *1 (Fla. 3d DCA Nov. 4, 2020).  Plaintiffs' claims for preemption (express, implied, and conflict) are based entirely on Florida law.  In interpreting Florida law, the court looks first for case precedent from the Florida Supreme Court.  *Winn-Dixie Stores, Inc. v. Dolgencorp, LLC*, 746 F.3d 1008, 1021 (11th Cir. 2014). "[A]bsent a decision from the state supreme court on an issue of state law, [Federal courts] are bound to follow decisions of the state's intermediate appellate courts unless there is some persuasive indication that the highest court of the state would decide the issue differently." *McMahan v. Toto*, 311 F.3d 1077, 1080 (11th Cir. 2002).  As more particularly discussed in the County's Motion to Dismiss, because Plaintiffs' Complaint is a near word-for-word recital of the Complaint in *Miami-Gardens Square One* and the orders challenged in the Complaint are less restrictive than those imposed by Miami-Dade County, the Third District's analysis of the preemption claim applies squarely to this case and requires dismissal of Plaintiffs' claims based on preemption.  *See* Mot. to Dismiss [D.E. 11 at pp. 7-9]; *Miami Gardens Square One, Inc.*, 2020

---

[2] Similarly, Plaintiffs' improper attempt to amend their Complaint through filing a "Notice of Errata to Plaintiffs' Complaint for Declaratory Relief, Injunctive Relief, and Damages" (D.E. 22) must be disregarded.  Any amendment to the Complaint must be done pursuant to Rule 15. *See* Fed. R. Civ. P. 15.

WL 6472542, at *7 ("EO 20-244 does not expressly preempt curfews by local government. Neither implied preemption nor conflict precluded the County's curfew orders.").

### III.   Counts V-VII: Plaintiffs Fail to State a Claim under 42 U.S.C. § 1983 Because they have not Adequately Alleged the Deprivation of a Federal Right.

Nothing in Plaintiffs' Response establishes that they have set forth a cognizable claim under 42 U.S.C. § 1983 ("Section 1983").  Not only do Plaintiffs base their allegations on the false assertion that EO 20-28 imposes on their rights to free speech and free assembly, but they also invoke the wrong level of judicial scrutiny for their equal protection claim.  Moreover, even though the restrictions imposed by EO 20-28 would be upheld outside of a pandemic, Plaintiffs fail to adequately address the heightened standard established by the Court in *Jacobson v. Massachusetts*, 197 U.S. 11, 31 (1905).  Finally, in addition to being procedurally improper, Plaintiffs have failed to state a claim for their belatedly added substantive due process violation. Thus, even when taking Plaintiffs' allegations as true, they have failed to state a claim for any constitutional violations.

### A.  Plaintiffs cannot state a claim under the First Amendment.

Plaintiffs misstate the conduct at issue in EO 20-28.  EO 20-28 does **not** restrict "the DJs, promoters, performers, and the like from freely performing their sets in the restricted hours of midnight to 5 a.m."  Plaintiffs' Response [D.E. 44 at p. 7].  In fact, EO 20-28 makes no mention of such activity.  Unlike the permitting ordinance at issue in *Abusaid v. Hillsborough County Bd. Of County Comm'rs*, upon which Plaintiffs rely, EO 20-28 does not prevent Plaintiffs from operating their businesses. *Abusaid*, 637 F.Supp.2d 1002 (M.D. Fla. 2007).  Plaintiffs are merely prohibited from conducting the on-premises sale, service, and consumption of food and/or alcohol during the restricted hours.  Rather than explain how such restrictions violate Plaintiffs' First Amendment right to play music, Plaintiffs contend, without any legal or factual support, that prohibiting on-premises food and alcohol sales after midnight "effectively extinguishes" any need

4

for entertainment. *See* Plaintiffs' Response [D.E. 44 at p. 9].  Plaintiffs' argument defies logic as neither eating nor drinking alcohol is a prerequisite for listening to music.

Even if Plaintiffs had adequately established that EO 20-28 infringed on their ability to broadcast music, the restriction is narrowly tailored to achieve the County's significant government interest in fighting COVID-19 and leaves open ample alternative channels of communication.  *See DA Mortg., Inc. v. City of Miami Beach*, 486 F.3d 1254, 1267 (11th Cir. 2007) (affirming the validity of a county noise ordinance and finding that it conformed to the requirements of the First Amendment). Contrary to Plaintiffs' beliefs, EO 20-28 satisfies the "narrowly tailored" requirement because fighting COVID-19 "would be achieved less effectively" if on-premises consumption of food and alcohol—activities that naturally require the removal of facial coverings—were allowed to take place without restriction.  *See id*; *see also Talleywhacker, Inc. v. Cooper*, 465 F. Supp. 3d 523, 542 (E.D.N.C. 2020) ("The substantial government interest in preventing the spread of COVID-19 would be achieved less effectively if the entertainment and fitness facilities were allowed to reopen, since such facilities present a higher risk of COVID-19 transmission."). These temporal restrictions are more effective than no restrictions at all. Plaintiffs also ignore the history of the County's COVID-19 emergency orders, which indicates narrow tailoring as the restrictions on in-person dining and alcohol consumption have gradually lessened since the onset of the pandemic. *See* Broward County Emergency Orders, available at:  https://www.broward.org/CoronaVirus/Pages/EmergencyOrders.aspx; *see also Antietam Battlefield KOA v. Hogan*, 461 F. Supp. 3d 214, 235 (D. Md. 2020), *appeal dismissed*, No. 20-1579, 2020 WL 6787532 (4th Cir. July 6, 2020) (finding that increasing the restrictions on large gatherings "demonstrates a gradual tailoring of the prohibition based on the COVID-19 figures and how well the previous prohibitions were working").

In addition to EO 20-28 being narrowly tailored, the ample alternative channels of communication are readily apparent. The restrictions of EO 20-28 are not in place from 5 a.m. to 11:59 p.m., leaving Plaintiffs with 19 hours during which they can serve food and alcohol for on-premises consumption while they play music or engage in any other constitutionally protected speech.[3]  During the restricted hours, Plaintiffs can play music for customers picking up takeout orders or who patronize Plaintiffs' businesses for the purpose of hearing music. The First Amendment requires only that the County "leave open *an* alternative channel of communication, not *the* alternative channel of communication" Plaintiffs desire.  *See CAMP Legal Def. Fund, Inc. v. City of Atlanta*, 451 F.3d 1257, 1282 (11th Cir. 2006) (emphasis in original).

Accordingly, even if the effects of COVID-19 were not as devastating as they are, EO 20-28 would be valid.  However, we are in the midst of a deadly pandemic; thus, the heightened standard of *Jacobson* applies.  Nothing in Plaintiffs' Response establishes that EO 20-28 "has no real or substantial relation" to the public health, the public morals, or the public safety, or that it is "beyond all question, a plain, palpable invasion of rights secured by the fundamental law." *Jacobson*, 197 U.S. at 31.  Where, as here, "the people's elected leaders are working within the confines of the people's constitutional rights, courts are not here to second-guess or micromanage their already unenviable jobs guiding us through profoundly unprecedented challenges." *Henry v. DeSantis*, 461 F. Supp. 3d 1244, 1257 (S.D. Fla. 2020).

---

[3] Even absent EO 20-28, due to Plaintiffs' establishments all being located in the City of Fort Lauderdale they would be subject to City of Fort Lauderdale Ordinance 5-29, which permits the sale, consumption and service of alcohol at establishments like Plaintiffs' businesses **only** from "Sunday through Thursday between the hours of 7:00 a.m. and 2:00 a.m. of the following day, and Friday and Saturday between the hours of 7:00 a.m. and 3:00 a.m. of the following day." Section 5-29(a)(1) City of Fort Lauderdale Code of Ordinances.  Yet, Plaintiffs do not challenge the City's longstanding restrictions in the instant case.

For the foregoing reasons, Plaintiffs cannot state a claim under the First Amendment.

> **B.  *EO 20-28 does not violate the Equal Protection Clause and is not underinclusive.***

In their Complaint, Plaintiffs allege that EO 20-28 violates the Equal Protection Clause because it treats their businesses differently from churches and other religious institutions, government facilities, and businesses that do not sell food or alcohol for on-premises consumption. *See* Compl. [D.E. 1-1. at ¶¶ 42, 120].  Seemingly recognizing the fatal flaw in this comparison—that these alleged comparators are not at all similarly situated—Plaintiffs now attempt to compare their businesses to other restaurants that operate "chiefly during the day."  Plaintiffs' Response [D.E. 44 at p. 12].  However, Plaintiffs' new approach still fails because those purported comparators are also subject to EO 20-28.  Moreover, rigorously applying the "similarly situated" requirement, a restaurant that serves food and alcohol primarily during the day is not similarly situated to a bar whose primary function is to serve alcohol late at night.

Additionally, despite alleging in their Complaint that the exclusion of churches from EO 20-28's time restrictions rendered the Order underinclusive, Plaintiffs' now seek to use the new comparison to other "daytime" restaurants to support their underinclusivity claim.  *Compare* Compl. [D.E. 1-1 at ¶¶ 104-111] *with* Plaintiffs' Response [D.E. 44 at 13-14].  They contend that EO 20-28 encourages discriminatory application; however, Plaintiffs concede that EO 20-28 applies to all restaurants.  There can be no discriminatory application when every single restaurant and bar in Broward County is subject to the time restrictions in EO 20-28, which are aimed "squarely at the conduct most likely to" increase the risk of transmission of COVID-19.  *See Williams-Yulee v. Fla. Bar*, 575 U.S. 433, 449, 135 S. Ct. 1656, 1668, 191 L. Ed. 2d 570 (2015).

Nothing in Plaintiffs' Response, beyond their unsupported, conclusory, and incorrect claim that EO 20-28 violates the First Amendment, illustrates that EO 20-28 infringes upon a

fundamental right.  Accordingly, rational basis review, **not** strict scrutiny, applies.  *FCC v. Beach Commc'ns, Inc.*, 508 U.S. 307, 313, 113 S.Ct. 2096, 124 L.Ed.2d 211 (1993).  Plaintiffs contend that because on-premises consumption of food and alcohol is allowed from 5 a.m. to 11:59 pm, there is no legitimate governmental purpose to prohibit this behavior during the remaining five hours of the day. Plaintiffs' Response [D.E. 44 at p. 11].[4]  Based on the data and trends available to the County in determining appropriate measures to combat the spread of COVID-19 and a desire to avoid a complete shutdown of all in-person dining and alcohol sales, the County enacted EO 20-28 to protect the health and safety of individuals living in and visiting Broward County by targeting the late night food an alcohol consumption and other risky behavior to limit the spread of COVID-19. *See* EO 20-27, pp. 2-4, available at: https://www.broward.org/CoronaVirus/Documents/EmergencyOrder20-27.pdf; EO 20-28, p. 2. Given these "plausible reasons for the rule, [the Court's] inquiry is at an end." *Beach Commc'ns, Inc.*, 508 U.S. at 313-14.

Accordingly, Plaintiffs have failed to state an Equal Protection claim or a First Amendment claim on the basis of underinclusivity.

### C.  *Plaintiffs' procedurally improper "Right to Work" claim is substantively deficient.*

Plaintiffs' newly invented claim that EO 20-28 violates the Fifth Amendment and the Privileges or Immunities Clause of the Fourteenth Amendment has no basis in law or fact.  As this

---

[4] Again, Plaintiffs attempt to go beyond the pleadings by citing to the testimony of Dr. Stanley W. Marks ("Dr. Marks") during the November 19, 2020 hearing on Plaintiffs' Motion for Temporary Restraining Order, Preliminary Injunction, and Incorporated Memorandum of Law. Plaintiffs' Response [D.E. 44 at pp. 11-12].  Not only is Plaintiffs' portrayal of Dr. Marks' testimony inaccurate, but it is also procedurally improper at the motion to dismiss stage.  *See Pouyeh v. Bascom Palmer Eye Inst.*, 613 F. App'x 802, 808 (11th Cir. 2015) ("In the Rule 12(b) motion-to-dismiss context, a judge generally may not consider materials outside of the four corners of a complaint . . . .").

Court previously held, "there is no fundamental right to a job, or right to work." *Henry*, 461 F. Supp. 3d at 1255; *see also Stop the Beach Renourishment, Inc. v. Fla. Dep't of Envtl. Prot.*, 560 U.S. 702, 722, 130 S.Ct. 2592, 177 L.Ed.2d 184 (2010) ("[T]he 'liberties' protected by substantive due process do not include economic liberties."); *Helm v. Liem*, 523 F. App'x 643, 645 (11th Cir. 2013) ("[T]he right to work in a specific profession is not a fundamental right."). "Nor is there a fundamental right to maintain a business or earn a profit." *Support Working Animals, Inc. v. DeSantis*, 457 F. Supp. 3d 1193, 1225 (N.D. Fla. 2020) (citing *Balt. Air Transp., Inc. v. Jackson*, 419 F. App'x 932, 937 (11th Cir. 2011)). Furthermore, even if Plaintiffs had adequately raised a substantive due process claim, such challenges that do not implicate fundamental rights are reviewed under the "rational basis" standard, which, as discussed *supra*, has been satisfied. *Support Working Animals*, 457 F. Supp. 3d at 1225 (citing *Kentner v. City of Sanibel*, 750 F.3d 1274, 1280 (11th Cir. 2014)).

Consequently, despite this procedurally improper last-ditch effort, Plaintiffs have failed to state a claim.

### IV.    Plaintiffs' Conclusory Statements Remain Insufficient to Support a Claim for Violation of The Florida Constitution.

Just as they did in their Complaint, Plaintiffs rely primarily on their conclusory allegations that the EO 20-28 imposes a "curfew." *See* Plaintiffs' Response [D.E. 44 at p. 17]. Plaintiffs also fail entirely to address the County's argument that Plaintiffs cannot assert a claim for damages against the County. Instead, Plaintiffs claim, without support, that EO 20-28 "remov[es] patrons from Plaintiffs Establishments" and "inject[s] unwarranted governmental intrusion into the private life of the persons of the state." *Id.,* p. 17. But EO 20-28, on its face, imposes none of the restrictions alleged by Plaintiffs. Nor does *Moore v. Thompson*, 126 So. 2d 543, 552 (Fla. 1960), offer any support for a claim of violation of the rights of association and privacy under the Florida

Constitution.  *Moore* involved a challenge to the Florida's Sunday Closing laws in light of the court's then-recent decision determining that such laws could not be based upon any religious principles, tenant or belief.  *Moore*, decided almost a decade before the right to association was adopted in Florida's 1968 Constitution and two decades before the right to privacy was adopted in 1980, did not addresses either of those provisions and does not support Plaintiffs' claims that EO 20-28 violates the Florida Constitution.  As more particularly discussed in the County's Motion to Dismiss [D.E. 11 at pp. 17-20], no currently operative County Emergency Order imposes a curfew or any other restriction that interferes with Plaintiffs' right to privacy or association.  Moreover, as a matter of law, Plaintiffs cannot recover damages from the County.

**V.       Plaintiffs Should Not Be Permitted to Amend their Complaint.**

Plaintiffs' Complaint fails to state a claim not merely because of a failure to allege sufficient facts but because the facts—the County's challenged Emergency Orders—do not give rise to the claims they seek to allege.  "The court should freely give leave [to amend a Complaint] when justice so requires." Fed. R. Civ. P. 15 (a)(2).  But "a district court may properly deny leave to amend the complaint under Rule 15(a) when such amendment would be futile." *Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1263 (11th Cir. 2004).  Here, amendment would be futile as binding State precedent establishes that Plaintiffs cannot make out a preemption claim based on EO 20-244, and the challenged orders impose no curfew or other restrictions that give rise to a claim on under the Federal or State Constitution.

WHEREFORE, for the reasons set forth herein and in the County's Motion to Dismiss [D.E. 11], the County respectfully requests that this Court enter an Order granting the County's Motion to Dismiss Plaintiffs' Complaint with prejudice.

Dated: December 18, 2020                Respectfully submitted,

Andrew J. Meyers
Broward County Attorney
115 S. Andrews Avenue, Suite 423
Fort Lauderdale, FL 33301
Telephone: (954) 357-7600
Facsimile: (954) 357-7641

By:     */s/ Annika E. Ashton*
        Annika E. Ashton
        Deputy County Attorney
        Florida Bar No. 53970
        aashton@broward.org
        Kristen McIntosh
        Assistant County Attorney
        Florida Bar No. 1003315
        kmmcintosh@broward.org
        Adam Katzman
        Assistant County Attorney
        Florida Bar No. 652431
        akatzman@broward.org
        *Counsel for Defendant Broward County*