UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 20-CV-62166-SINGHAL/VALLE

828 MANAGEMENT, LLC d/b/a THE HUB;
2ND STREET ENTERPRISES, INC. d/b/a
CAPONE'S; THREE LEGGED DOG, LLC
d/b/a LUCKY'S TAVERN; 111 SW 2ND AVE,
LLC d/b/a SWAY NIGHTCLUB; MAGIOS,
INC. d/b/a EBAR CLUB 13; EIM
ENTERPRISES, INC. d/b/a #00 SHATO; JOHR
GROUP, INC. d/b/a EURO NIGHT CLUB;
GRAND CAFÉ, INC.; D'LUX RESTAURANT
AND BAR, LLC d/b/a HOLLYWOOD LIVE;
and TROY CABRERA,

   Plaintiffs,

v.

BROWARD COUNTY, a political subdivision
of the State of Florida,

   Defendant.

## BROWARD COUNTY'S MOTION TO STAY PENDING APPEAL

On December 21, 2020, this Court entered a Temporary Restraining Order and Preliminary Injunction Order ("Injunction Order") [ECF No. 48] enjoining Broward County ("County") from enforcing certain provisions of County Emergency Order 20-28 that prohibit on-premises food and alcoholic beverage service from midnight to 5:00 a.m. The County has filed a notice of appeal from that order to the United States Court of Appeals for the Eleventh Circuit. [ECF No. 49]. Pursuant to Federal Rule of Civil Procedure 62 and Federal Rule of Appellate Procedure 8(a)(1), the County hereby moves to stay the Injunction Order pending the County's appeal.

## BACKGROUND

**I.      Factual Background.**

COVID-19 is a highly transmissible disease that has killed more than 340,000 people in the United States in the past year.[1] Although the U.S. Food and Drug Administration has recently given emergency authorization to two vaccines to prevent COVID-19, such vaccines will not be widely available for several months. In the meantime, the first and best lines of defense against the virus are avoiding close contact with others, particularly in indoor and crowded settings, and wearing facial coverings.

Understanding the unprecedented nature of the pandemic, on March 1, 2020, Florida Governor Ron DeSantis declared a public health emergency. The County followed suit, declaring a state of local emergency and triggering the applicability of Chapter 252, Florida Statutes, and the County's Comprehensive Emergency Management Plan. Both state and local law authorize the County to issue emergency orders to protect the health, safety, and welfare of its residents. *See* § 252.38, Fla. Stat.; § 8-56, Broward County Code of Ordinances.

Since the inception of the pandemic in March 2020, the County has implemented measures by emergency order to curb the spread of COVID-19. One such measure forms the basis of Plaintiffs' Complaint. Broward County Emergency Order 20-28 ("EO-28"), issued on October 16, 2020, provides:

> On-premises sale, service, and consumption of food and/or alcohol is prohibited between the hours of midnight and 5 a.m. This subsection does not limit or prohibit operations other than on-premises dining (including food preparation/cooking, facility cleaning, or food delivery/take-out services) between the hours of midnight and 5 a.m.

---

[1] Centers for Disease Control, Coronavirus Disease, https://covid.cdc.gov/covid-data-tracker/#cases_casesper100klast7days (last visited January 4, 2021).

Critically, EO 20-28 does not prohibit Plaintiffs from operating their businesses or require Plaintiffs to close their businesses. It merely stops Plaintiffs from serving food and alcohol for on-premises consumption from midnight to 5:00 a.m.[2]

## II.     Prior Proceedings

On October 29, 2020, Plaintiffs filed a Motion for Temporary Restraining Order, Preliminary Injunction, and Incorporated Memorandum of Law ("Plaintiffs' Motion") [ECF No. 8]. Plaintiffs allege that EO 20-28 is preempted by Governor DeSantis' Executive Order 20-244 because that order prohibits local governments such as the County from issuing orders that prevent a business from operating. Plaintiffs also claim that EO 20-28 violates their rights under the U.S. and Florida Constitutions.

On November 19, 2020, the Court held a hearing on Plaintiffs' Motion. [ECF No. 25]. On December 21, 2020, the Court issued the Injunction Order granting Plaintiffs' Motion and enjoining the County from enforcing the provisions of EO 20-28 that restrict food and alcoholic beverage service from midnight to 5:00 a.m. [ECF No. 48]. The County has appealed the Injunction Order to the Eleventh Circuit Court of Appeals. Pending that appeal, the County asks this Court to stay the Injunction Order pursuant to Rule 62(d).

---

[2] On December 11, 2020, the County issued Emergency Order 20-29 ("EO 20-29"), which supersedes all prior County Emergency Orders, including EO 20-28. Emergency Order 20-29 adopts the Broward County Comprehensive Emergency Order ("CEO"), which includes, in Chapter 12, the challenged provisions of EO 20-28 in substantially the same form. *See* §§ 12.B.1, 12.B.2, CEO, available at: https://www.broward.org/CoronaVirus/Documents/2020-12-11%20Covid%20Code-Final%20Final.pdf. As the CEO maintains the same prohibition on the sale or service of food and alcohol for on-premises consumption between midnight and 5 a.m., the County here addresses the substance of the Court's Order based on EO 20-28.

# ARGUMENT

### III.  Standard

Rule 62(d) provides that "[w]hile an appeal is pending from an interlocutory order or final judgment that grants, continues, modifies, refuses, dissolves, or refuses to dissolve or modify an injunction, the court may suspend, modify, restore, or grant an injunction." Fed. R. Civ. P. 62(d). To secure a stay pending appeal, the Court must consider four factors: "(1) whether the stay applicant has made a strong showing that [it] is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Hand v. Scott*, 888 F.3d 1206, 1207 (11th Cir. 2018) (quoting *Nken v. Holder*, 556 U.S. 418, 426 (2009)). Of these four factors, the first two are the "most critical." *Id.* (quoting *Nken*, 556 U.S. at 434).

Here, all four factors support entry of a stay. As explained below, the County respectfully submits it has a strong likelihood of success on the merits of its appeal; that it will suffer irreparable harm absent the stay; and that the balance of harms and the public interest weigh in favor of a stay.

### IV.  Entry of a Stay Pending Appeal is Appropriate.

#### A.  *The County is Likely to Succeed on the Merits of Its Appeal.*

The County is likely to succeed on the merits of its appeal for three independent reasons. First, the Injunction Order does not follow the Third District Court of Appeal's binding decision in *Miami-Dade County v. Miami Gardens Square One, Inc.*, No. 3D20-1512, 2020 WL 6472542, at *4 (Fla. 3d DCA Nov. 4, 2020). Second, the County is likely to show that EO 20-28 is not preempted by Executive Order 20-244. Third, the Injunction Order does not state the findings required for entry of a preliminary injunction.

>    1.   *The County is likely to show that the Court was bound by the Third District Court of Appeal decision in Square One.*

Plaintiffs' Complaint in this case is a near verbatim copy of the complaint filed in *Square One*. The complaint in *Square One* alleged that Miami-Dade County's curfew requiring all businesses to close (with few exceptions, including restaurants fulfilling take-out and delivery orders) from midnight to 6:00 a.m. was preempted by Executive Order 20-244. The Complaint in this case alleges that EO 20-28, which prohibits Plaintiffs from selling food and alcohol for on-premises consumption between midnight and 5:00 a.m., is also preempted by Executive Order 20-244. The only material factual distinction between *Square One* and this case is that the Miami-Dade order is *more* restrictive than EO 20-28—the Miami-Dade order closed businesses altogether at midnight (and for an extra hour) except for takeout and delivery, whereas EO 20-28 permits businesses to operate during the hours at issue provided that they do not serve food or alcohol for on-premises consumption.

The state appellate court in *Square One* rejected the plaintiffs' preemption claims. With respect to express preemption, the *Square One* court concluded that Executive Order 20-244 only preempts "enactments of law that expressly prohibited and altogether closed businesses down." *Square One,* at *4. With respect to implied preemption, the court found that

> [n]othing in the language of EO 20-244's section two suggests that the Governor has preempted the entire field of COVID-19 emergency measures. Its plain language preempts only one class of local COVID-19 emergency measures (i.e., those that "prevent an individual from working or from operating a business"), leaving intact the authority to enact other such measures.

*Id.* at *5.

Because the state appellate court in *Square One* issued its decision after the County filed its Response to Plaintiffs' Motion, the County alerted the Court to the decision during the November 19, 2020 hearing and by filing a Notice of Supplemental Authority [ECF No. 26]. The

County did so because this Court is required to follow the state appellate court's ruling in *Square One* with respect to Florida law, namely the preemptive effect of Executive Order 20-244. The law is clear that "federal courts are bound by decisions of a state's intermediate appellate courts unless there is persuasive evidence that the highest state court would rule otherwise." *Bravo v. United States*, 577 F.3d 1324, 1326 (11th Cir. 2009); *Silverberg v. Paine, Webber, Jackson & Curtis, Inc.*, 710 F.2d 678, 690 (11th Cir. 1983). This rule applies "whether or not the court agrees with the reasoning on which the state court's decision is based or the outcome which the decision dictates." *Silverberg,* 710 F.2d at 690.

In *Square One,* the state appellate court held that Executive Order 20-244 only preempts local ordinances that prohibit a business from operating altogether. Accordingly, the Third District Court of Appeal found that the Miami-Dade prohibition on businesses operating from midnight to 6:00 a.m. was *not* expressly or impliedly preempted because it allowed businesses to operate outside those hours. The same rationale applies here. Because EO 20-28 does not prohibit businesses from operating altogether, it is not preempted by Executive Order 20-244. In the absence of persuasive evidence that the Florida Supreme Court would rule otherwise (and certainly none was presented during or in connection with the hearing), this Court must follow the determination of *Square One.* Because it did not, there is a substantial likelihood the County will prevail on appeal. As such, a stay is warranted.

> 2. *The County is likely to show that EO 20-28 is not preempted by Executive Order 20-244.*

Executive Order 20-244, at Section 2, provides: "No COVID-19 emergency ordinance may prevent an individual from working or from operating a business." This provision does not preempt EO 20-28 because the challenged provision in EO 20-28 does not have any impact on restaurant and bar operations from 5:00 a.m. to midnight. Moreover, EO 20-28 permits Plaintiffs'

6

businesses—and all other restaurants and bars in Broward County—to operate from midnight to 5:00 a.m. to play music, perform mixology tricks, or engage in any other regular business activity that does not involve the on-site service of food or alcohol, including operating their kitchens and providing food delivery and take-out services.[3] Accordingly, EO 20-28 simply does *not* prevent Plaintiffs' businesses from operating.

The Injunction Order appears to conclude that EO 20-28 is invalid under "implied preemption." [ECF 48 at 14-15]. However, "[i]mplied preemption should be found to exist only in cases where the legislative scheme is so pervasive as to evidence an intent to preempt the particular area, and where strong public policy reasons exist for finding such an area to be preempted by the Legislature." *GLA & Assocs., Inc. v. City of Boca Raton*, 855 So. 2d 278, 282 (Fla. 4th DCA 2003) (quoting *Tallahassee Mem'l Reg'l Med. Ctr., Inc. v. Tallahassee Med. Ctr., Inc.*, 681 So. 2d 826, 831 (Fla. 1st DCA 1996)). Here, the Court did not (nor could it, given the relatively limited scope of the state orders) find a pervasive legislative scheme or identify any strong public policy reason to support a finding of implied preemption. Accordingly, to the extent the Injunction Order holds that EO 20-28 is impliedly preempted, it does not contain the findings required to support that conclusion.

---

[3] The September 30, 2020 emergency order of the City of Fort Lauderdale (which is not a party to this action) closes all bars and restaurants from 12:00 a.m. to 5 a.m. *See* City of Fort Lauderdale Declaration of Emergency Regulations dated September 30, 2020, available at: https://www.fortlauderdale.gov/home/showdocument?id=53187. Because Plaintiffs' businesses are located in the City of Fort Lauderdale, their operations must fully cease at 12:00 a.m. regardless of EO 20-28. Further, even absent a pandemic, the City of Fort Lauderdale limits the sale, consumption, and service of alcohol at establishments like Plaintiffs' businesses only to "Sunday through Thursday between the hours of 7:00 a.m. and 2:00 a.m. of the following day, and Friday and Saturday between the hours of 7:00 a.m. and 3:00 a.m. of the following day." § 5-29(a)(1) City of Fort Lauderdale Code of Ordinances. Neither the City's emergency order nor the City's time restriction on the sale of alcoholic beverages was challenged in this action, and the business restrictions addressed in those City provisions are independent of EO 20-28 or any action by the County.

The Injunction Order finding preemption is also based on a misreading of Executive Order 20-244. The Injunction Order held that Executive Order 20-244 preempts EO 20-28, but also stated that "the County is well within its authority to enact restrictions for the public health, and such restrictions survive preemption analysis so long as the County quantifies the economic impact of each restriction, limitation or requirement on those restaurants impacted, and 'explain[s] why each limitation or requirement is necessary for public health.'" [ECF No. 48 at 15-16]. However, this "quantification and explanation mandate" applies only to *capacity* limits at restaurants. *See* Executive Order 20-244 at § 3(A). It does not apply to anything other than capacity limits, such as the time restrictions imposed by EO 20-28. Had the Governor meant to require local governments to quantify the economic impact of time restrictions, he would have said so.

The only limitation in Executive Order 20-244 on the power of local governments to enact COVID-19 emergency measures is in the context of restaurant occupancy limitations and the collection of fines. Where, as here, a regulation expressly addresses preemption, there is no need for a court to attempt to infer preemption from other substantive portions of the regulation. *Cipollone v. Liggett Group, Inc.*, 505 U.S. 504, 517 (1992). Indeed, when the Governor has intended to preempt local government in a broader way, he has done so. *See, e.g.,* Executive Order No. 20-123, § 2 ("Professional sports may operate in the State of Florida and venues may host training, competitions, events and games. **This provision shall preempt any local rule** prohibiting a professional sports team conducting, or the operations of the venue from hosting, those sports activities at facilities in the State.") (emphasis added). The Governor clearly knew how to provide for preemption where intended; this Court should not expand an express preemption by implying a broader scope.

The Injunction Order, in holding that the time restrictions in EO 20-28 are preempted, adopted an interpretation of Executive Order 20-244 that is inconsistent with the plain meaning of the terms in the executive order. Therefore, the County is likely to succeed on appeal, and the Court should grant a stay.

> 3. *The County is likely to show that the Injunction Order did not contain the findings required for entry of a preliminary injunction.*

A preliminary injunction is appropriate where the movant is able to show:

> (1) substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest.

*McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1306 (11th Cir. 1998) (citations omitted). The moving party must "clearly establish[] the burden of persuasion for **each** prong of the analysis." *Transcon. Gas Pipe Line Co. v. 6.04 Acres, More or Less, Over Parcel(s) of Land of Approximately 1.21 Acres, More or Less, Situated in Land Lot 1049*, 910 F.3d 1130, 1163 (11th Cir. 2018) (citations omitted) (emphasis added). "The burden of persuasion in all of the four requirements is at all times upon the plaintiff." *Ne. Fla. Chapter of Ass'n of Gen. Contractors of Am. v. City of Jacksonville, Fla.*, 896 F.2d 1283, 1285 (11th Cir. 1990) (citations omitted).

For the reasons stated above, the County respectfully disagrees with the Court's determination that Plaintiffs have a substantial likelihood of success. However, entry of a preliminary injunction was also erroneous because the Injunction Order did not find that Plaintiffs satisfied any of the three other prongs required for injunctive relief. The failure to find that Plaintiffs would suffer irreparable injury is especially fatal because "the absence of a substantial likelihood of irreparable injury would, standing alone, make preliminary injunctive relief improper." *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000); *see also Snook v. Trust Co. of Georgia Bank of Savannah, N.A.*, 909 F.2d 480, 486 (11th Cir. 1990) (affirming denial of

preliminary injunction even though plaintiff established likelihood of prevailing because plaintiff failed to meet burden of proving irreparable injury); *City of Jacksonville,* 896 F.2d at 1285 (reversing preliminary injunction based solely on plaintiff's failure to show irreparable injury); *U.S. v. Lambert,* 695 F.2d 536, 540 (11th Cir. 1983) (affirming denial of preliminary injunction and stating that a plaintiff's "success in establishing a likelihood it will prevail on the merits does not obviate the necessity to show irreparable harm").

The only evidence of harm offered by Plaintiffs was alleged lost profits. Lost profits are *not* irreparable harm and cannot support injunctive relief. An injury is "irreparable" only if it cannot be redressed through monetary remedies. *See City of Jacksonville*, Fla., 896 F.2d at 1285. Similarly, the Injunction Order made no findings regarding the third (balance of harms) or fourth (public interest) prongs of the test for injunctive relief.

Given these deficiencies in the Injunction Order, there is a substantial likelihood that the County will prevail on appeal. Consequently, a stay is proper.

### B. *The County Will Be Irreparably Harmed Absent A Stay.*

Enjoining the actions of elected local officials, especially in a situation where an infectious disease can and has spread rapidly, causes irreparable harm. *Maryland v. King*, 567 U.S. 1301 (2012) (Roberts, C.J., in chambers) ("[A]ny time a State is enjoined by a court from effectuating statutes enacted by representatives of its people, it suffers a form of irreparable injury."); *see also Hand*, 888 F.3d at 1214 (11th Cir. 2018) (quoting same).

The County is in the midst of managing and mitigating the severe and dangerous impacts within its jurisdiction of a global health pandemic. The County has attempted to balance the economic needs of businesses with the demands of public health and safety of its citizens. A stay will preserve the status quo during the pandemic. A stay also provides clarity for Broward County residents and visitors while the Eleventh Circuit Court of Appeals reviews this Court's decision.

Additionally, the denial of a stay would inflict irreparable injury on the County. The increased risk of virus spread – with the resulting danger to public health and welfare – cannot be undone. This risk is further exacerbated considering that Broward County's neighboring county, Miami-Dade County, has an order in place closing all restaurants and bars from midnight until 6:00 a.m. Therefore, if a stay is denied, more people are likely to congregate to bars and restaurants in Broward County where no similar time limitation is enforceable due to the Injunction Order. The denial of a stay increases the likelihood of more late-night crowding in Broward County bars and restaurants (thereby increasing the potential for "super-spreader events"), with the resulting probability that Broward County hospitals will become overcrowded and its medical resources overwhelmed, thereby endangering the public health of the entire community. The increase in COVID-19 patients impacts hospitals' ability to render care to not only for people who might require hospitalization due to COVID-19 but also for everyone else, including car accident victims and persons suffering heart attacks, brain aneurysms, and other conditions requiring intensive care. *See* Declaration of Dr. Marks [ECF No. 9-1] at ¶ 8. These circumstances amount to irreparable harm.

### C. The Balance of Harms and Public Interest Favor A Stay.

The final two factors in determining whether to stay an order are the balance of harms and the public interest. *See Nken*, 556 U.S. at 426. Both factors weigh in favor of the County and the issuance of a stay. The issuance of a stay will not substantially injure Plaintiffs. Plaintiffs have not shown that they will suffer irreparable injuries. However, there can be no doubt that COVID-19 poses a risk of harm to everyone in Broward County, including Plaintiffs and their patrons. *See e.g. Texas Democratic Party v. Abbott*, 961 F.3d 389, 412 (5th Cir. 2020). While Plaintiffs' monetary concerns are understandable, Plaintiffs have failed to show that they will suffer irreparable injuries absent an injunction.

When the government is the party opposing the preliminary injunction, its interest and harm merge with the public interest. *Swain*, 958 F.3d at 1091. The public interest here undeniably favors a stay. COVID-19 is spreading throughout the state and Broward County at extremely high rates. On December 31, 2020, there were 20,987 cases of COVID-19 reported in Florida.[4] 1,824 of those cases are in Broward County.[5] Since the pandemic began, in Broward County there have been 139,396 positive cases, 7,495 hospitalizations, and 1,872 deaths attributed to COVID-19. The median age for these cases is 39. The County's emergency orders attempt to mitigate against this spread by imposing reasonable, common sense restrictions. Nightclubs, bars, and restaurants offering late-night entertainment are environments where the wearing of masks and social distancing is more difficult or even impossible to maintain (food and drink cannot be consumed while wearing a mask). *See* Declaration of Dr. Marks [ECF No. 9-1] at ¶ 11.

The public interest weighs heavily in favor of a stay because of the threat to public health. *See League of Indep. Fitness Facs. and Trainers, Inc. v. Whitmer*, 814 Fed. Appx. 125, 129-130 (6th Cir. 2020) (holding that emergency stay of preliminary injunction was warranted and that the public interest weighed in favor of a stay was apparent where thousands of citizens were infected and there was the potential for more infections from COVID-19). By contrast, not maintaining the status quo while the County's appeal is pending makes the spread of COVID-19 more likely and would disserve the public interest. The preservation of the public health is a duty of the sovereign

---

[4] *See* Florida Department of Health COVID-19 page, https://experience.arcgis.com/experience/96dd742462124fa0b38ddedb9b25e429 (last visited January 4, 2021).
[5] *See* Florida Department of Health COVID-19 page, https://experience.arcgis.com/experience/96dd742462124fa0b38ddedb9b25e429 (last visited January 4, 2021).

power of the County, and "[t]he health of the people has long been recognized as one of the greatest social and economic blessings." *Varholy v. Sweat*, 15 So. 2d 267, 269 (Fla. 1943).

Finally, the balance of harms weighs heavily in favor of the County and the protection of the public interest. The Court must balance the health and safety of the entire community against Plaintiffs' revenue from selling alcohol and food for on-premises consumption for a few additional hours. Protecting public health is paramount; failing to adequately do so is, for so many, including our most vulnerable, irreparable in the truest sense of the word. Accordingly, the final two factors for a stay have also been met.

## V.     Conclusion

Based on the foregoing, the County has established a strong showing that it is likely to succeed on the merits of its appeal; that the County would be irreparably injured absent a stay; and that the balance of harms and the public interest favor a stay. Accordingly, the County respectfully requests that this Court enter an order staying the Injunction Order pending the County's appeal.

### Certificate of Conferral

The parties conferred on December 22, 2020, by email. Plaintiffs oppose this motion.

Dated: January 4, 2021                    Respectfully submitted,

                                                                    Andrew J. Meyers
                                                                    Broward County Attorney
                                                                    115 S. Andrews Avenue, Suite 423
                                                                    Fort Lauderdale, FL 33301
                                                                    Telephone: (954) 357-7600
                                                                    Facsimile: (954) 357-7641

                                                     By:     */s/ Annika Ashton*
                                                                 Annika Ashton
                                                                Florida Bar No. 53970
                                                                aashton@broward.org
                                                                Adam Katzman
                                                                Florida Bar No. 652431

akatzman@broward.org
Kristen McIntosh
Florida Bar No. 1003315
kmmcintosh@broward.org