UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 20-62166-CIV-SINGHAL

828 MANAGEMENT, LLC, et al.,

    Plaintiffs,

v.

BROWARD COUNTY, a political subdivision of
the State of Florida,

    Defendant.
_____/

## ORDER

**THIS CAUSE** is before the Court on the Defendant's Motion to Stay Pending Appeal (DE [51]). Defendant filed its response and Plaintiffs have filed a reply. Accordingly, the matter is ripe for review.

### I.   BACKGROUND

Plaintiffs include a collective of restaurants and entertainment establishments licensed to serve food and libations in Broward County, Florida (collectively, "Plaintiffs"). They initially filed this matter in the Seventeenth Judicial Circuit in and for Broward County, Florida on October 19, 2020, seeking declaratory relief, injunctive relief, and damages against the Defendant Broward County (the "County") under 42 U.S.C. § 1983 based on state law claims for Express Preemption (Count I); Implied Preemption (Count II); Conflict (Count III); *Ultra Vires* and *Void Ab Initio* (Count IV); violations of the First Amendment of the U.S. Constitution (Counts V and VI); violations of the Equal Protection Clause of the U.S. Constitution (Count VII); and violations of Article I, Section 23 of the Florida Constitution (Count VIII). On October 26, 2020, the County removed the matter

to federal court pursuant to 28 U.S.C. § 1441(a). Plaintiffs' First Amendment and Equal Protection claims for damages under 42 U.S.C. § 1983 arise under federal law, over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1331. Furthermore, the County contends this Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367 because such claims arise from the same nucleus of operative facts as Plaintiffs' federal claims and are also related so that they form part of the same case or controversy under Article III of the United States Constitution.

On April 29, 2020, the Governor of the State of Florida, Ron DeSantis (the "Governor") issued Executive Order 20-112 to allow for the re-opening of businesses and the recovery of Florida's economy following the implementation of social distancing, quarantine, mask policies, and other safety procedures. About two weeks later, Executive Order 20-123 was issued and increased the permissive occupancy of these businesses to fifty percent (50%) and allowed other retail establishments, gyms, museums, and professional sports venues, among other businesses, to also resume operations upon implementation of certain safety measures. Plaintiffs claim that despite the Governor's order, the County's subsequent emergency orders imposed significant restrictions on business operations and such restrictions have had a devastating financial impact on Plaintiffs' businesses and their employees. Plaintiffs further claim the Emergency Orders issued by the County supersede the laws within the municipality.

On October 29, 2020, Plaintiffs filed a Motion for Temporary Restraining Order, Preliminary Injunction, and Incorporated Memorandum of Law ("Plaintiffs' Motion for TRO") (DE [8]). Plaintiffs allege that County Emergency Order 20-28 is preempted by Governor DeSantis' Executive Order 20-244 because that order prohibits local

governments such as the County from issuing orders that prevent a business from operating. Plaintiffs also claim that County Emergency Order 20-28 violates their rights under the U.S. and Florida Constitutions.

Following a hearing on Plaintiffs' Motion for TRO on November 19, 2020, the Court issued the Injunction Order granting Plaintiffs' Motion for TRO and enjoining the County from enforcing the provisions of County Emergency Order 20-28 that restrict food and alcoholic beverage service from midnight to 5:00 a.m. *See* (Order (DE [48]), Dec. 21, 2021). The County has appealed the Injunction Order to the Eleventh Circuit Court of Appeals. Pending that appeal, the County asks this Court to stay the Injunction Order pursuant to Federal Rule of Civil Procedure ("Rule") 62(d).

## II.   LEGAL STANDARD

"The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *see also Ortega Trujillo v. Conover & Co. Commc'ns, Inc.*, 221 F.3d 1262, 1264 (11th Cir. 2000). A court may enter a stay to promote judicial economy, reduce confusion or prejudice, and prevent possibility of inconsistent resolutions. *Am. Mfrs. Mut. Ins. Co. v. Edward D. Stone, Jr. & Assocs.*, 743 F.2d 1519, 1525 (11th Cir. 1984). In determining whether a stay should be granted the court looks to the following four factors: 1) the likelihood of the moving party ultimately prevailing on the merits; 2) the extent to which the moving party would be irreparably harmed; 3) potential for harm to the opposing party if the stay is issued and 4) whether issuing a stay would be in the public interest. *See Garcia-Mir v. Meese*, 781 F.2d 1450, 1453 (11th Cir. 1986); *see also Guirola-Beeche v. U.S. Dep't of Justice*, 662 F. Supp. 1414, 1417–18 (S.D. Fla. 1987).

### III.   DISCUSSION

In the instant motion, the County argue all four factors support entry of a stay. First, the County states it is "likely" to succeed on appeal because (1) this Court's Order (DE [48]) does not follow the Third District Court of Appeal's decision in *Miami-Dade County v. Miami Gardens Square One, Inc.*, No. 3D20-1512, 2020 WL 6472542, at *4 (Fla. 3d DCA Nov. 4, 2020); (2) the County claims it is likely to show County Emergency Order 20-28 is not preempted by Executive Order 20-244; and (3) this Court's Order (DE [48]) does not state the findings required for entry of a preliminary injunction.  However, the Third District Court of Appeal's decision is neither binding on this Court nor in conflict with this Court's Order (DE [48]).  Furthermore, the Court has already heard the County's position on preemption prior to entering its Order (DE [48]).[1]

Second, the County claims the denial of a stay would increase the risk of COVID-19 spreading, which would result in danger to public health and welfare.  This Court's Order (DE [48]) has been in effect since December 21, 2020, over a month, and the Defendant has not shown an increase of COVID-19 cases as a result of bars and restaurants being able to operate within the statutory constraints prescribed by the Governor's Executive Order.  Furthermore, it should be noted, the County has since issued several Emergency Orders instituting curfews throughout the county effectively making the need for a stay moot.  *See* (Broward Cty. Er. Order 20-29, Dec. 11, 2020) ("I find it prudent to adopt a Comprehensive Emergency Order **replacing and superseding**

---

[1] *See 7020 Entm't, LLC v. Miami-Dade Cty.*, Civil Action No. 20-25138-CIV-RNS (S.D. Fla. Feb. 10, 2021) (Scola, J.) ("Judge Singhal found that Broward County's curfew order was preempted because it did not quantify 'the economic impact of each restriction, limitation or requirement on those restaurants impacted, and []explain[] why each limitation or requirement is necessary for public health.'").

**all Emergency Orders** I have issued since March 2020[.]") (emphasis added); *see also* (Broward Cty. Er. Orders 20-30 and 20-31).

Finally, the County argues the final two factors, which is the balance of harms and the public interest, weigh in its favor because Plaintiffs have not shown they will suffer irreparable harm.  This Court has previously addressed this point in its Order (DE [48]) and reiterates a bar or restaurant that is prohibited from the sale, service, or consumption of food or alcohol is a restriction on behavior directly preventing an individual from working or from operating such a business during those hours.  *See* Fla. Exec. Order 20-244 § 2 (Sept. 25, 2020).   "[T]he asserted irreparable injury 'must be neither remote nor speculative, but actual and imminent.'"  *Siegel v. LePore*, 234 F.3d 1163, 1176–77 (11th Cir. 2000) (citation omitted).  The Plaintiffs have sufficiently demonstrated a threat of continuing irreparable harm because County Emergency Order 20-28 specifically prevents them from the sale of food or beverage, monies which not only keep the doors of bars and restaurants open, but pay the salaries of their employees and allow them to feed and house their own families during a global pandemic, which has left millions unemployed and unable to survive.

"A stay . . . 'is not a matter of right, even if irreparable injury might otherwise result to the appellant[.]'" *Nken v. Holder*, 556 U.S. 418, 427 (2009) (citing *Virginia Ry. Co. v. United States*, 272 U.S. 658, 672 (1926)).  Here, the Defendant has not shown an irreparable injury that would occur absent a stay; and even if Defendant is able to show irreparable injury, it is not automatically entitled to a stay.  The United States Court of Appeals for the Eleventh Circuit has held that "[a] stay of preliminary injunction requires the exercise of our judicial discretion, and the party requesting the stay must demonstrate

that the circumstances justify the exercise of that discretion." *Ga. Muslim Voter Project v. Kemp*, 918 F.3d 1262, 1267 (11th Cir. 2019) (citing *Democratic Exec. Comn. of Fla. v. Lee*, 915 F.3d 1312, 1317 (11th Cir. 2019)).  Here, the County has exercised its authority through its emergency powers to institute a countywide curfew, in effect and in practice mooting the need for a stay.  Accordingly, it is hereby

**ORDERED AND ADJUDGED** that the Defendant's Motion to Stay Pending Appeal (DE [51]) is **DENIED**.  Further, as a matter of housekeeping, the Plaintiffs' Motion to Strike Improper Hearsay Portions of Declaration of Bertha Henry (DE [29]) is **DENIED AS MOOT**.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 16th day of February 2021.

*[signature]*
RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Copies furnished to counsel of record via CM/ECF